# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:18 CR 638 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **JOSEPH MATHIS,** | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

### INTRODUCTION

Currently pending before the Court[1] is a letter from Defendant Joseph Mathis requesting a sentence reduction. (Doc. 51). For the reasons set forth below, the Court denies the motion.

### BACKGROUND

On October 21, 2019, Mathis pled guilty to a charge of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On March 2, 2020, Judge James G. Carr sentenced Mathis to a term of 37 months imprisonment, followed by three years supervised release. On January 23, 2023, February 16, 2023, March 21, 2023, and May 4, 2023, Judge Carr held hearings on supervised release violations (involving new state criminal charges). On May 4, 2023, Judge Carr found Mathis had violated the terms of his supervised release and revoked his supervised release. (Doc. 50). Judge Carr sentenced Mathis to a term of 24 months imprisonment to be served consecutively to the term imposed by the state court. *Id.*

---

1. This matter was reassigned to the undersigned upon the retirement of District Judge James G. Carr.

## DISCUSSION

In his letter/motion, Mathis identifies numerous programs he has completed while incarcerated, apologizes for his actions, and requests a reduced sentence, specifically, "a year in the halfway house or work release[.]" (Doc. 51, at 2).

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (citation omitted); *see also* 18 U.S.C. § 3582(c) (district court "may not modify a term of imprisonment once it has been imposed" except in certain enumerated circumstances). Under § 3582(c), a court may only modify a term of imprisonment under the following circumstances: (1) upon a motion of the Director of the Bureau of Prisons ("BOP") or defendant for compassionate release; (2) as expressly permitted by statute or by Federal Rule of Criminal Procedure 35; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c).

Under § 3582(c)(1)(A), a district court may grant a sentence reduction "only if it finds that the defendant satisfies three requirements: (1) 'extraordinary and compelling reasons warrant such a reduction'; (2) the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission'; and (3) the relevant § 3553(a) factors support the reduction." *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting § 3582(c)(1)(A)(i); *United States v Elias*, 984 F.3d 516, 518 (6th Cir. 2021)); *see also United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020).

The policy statement applicable to compassionate release motions, § 1B1.13, describes six categories of extraordinary and compelling reasons that individually, or in combination, may

support a request for compassionate release. These categories are: (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)-(4); and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b).[2]

Mathis has not identified a statutory basis for release or reduction in his sentence. Further, as to Mathis's request for home confinement or work release, the Court is unable to "dictate where [a] sentence is to be served. Where an inmate is placed and how much of his sentence is served there is ultimately within the BOP's discretion." *United States v. Brenner*, 2025 WL 253353, at *2 (N.D. Ohio) (citing 18 U.S.C. § 3621(b)); *see also United States v. Black*, 2020 WL 2213892, at *2 (S.D. Ohio) ("To the extent that defendant's filing is construed as a motion to reduce his sentence to permit his immediate release with a condition of home confinement, the court notes that under 18 U.S.C. § 3582(c), a court may not modify a term of imprisonment once it has been imposed unless certain exceptions apply.").

Mathis's request for a reduced sentence is therefore denied. The Court commends Mathis on the efforts he describes to rehabilitate himself and his desire to become a productive member of society, and encourages him to continue those efforts. But these efforts and desires do not provide a basis for relief here.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

---

2. The Sixth Circuit recently held that § 1B1.13(6) is invalid and a non-retroactive change in the law cannot constitute an extraordinary and compelling reason for release. *See United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025). There is no change in the law at issue here and subsection (6) is not applicable.

3

4

ORDERED that the Motion to Reduce Sentence (Doc. 51) be, and the same hereby is, DENIED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2025

4